Charles D. Colett, OSB #79191
chuck@colettlaw.com
COLETT LAW GROUP, LLP
1 Lincoln Center
10300 S.W. Greenburg Road, Suite 310
Portland, OR 97223-5489
Tel:  (503) 598-3411
Fax:  (503) 598-4646

Attorney for Plaintiffs Oregon Laborers-Employers Trust Funds, et al.


## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## PORTLAND DIVISION


| | |
|---|---|
| OREGON LABORERS-EMPLOYERS HEALTH & WELFARE TRUST FUND; OREGON LABORERS-EMPLOYERS PENSION TRUST FUND; OREGON & SOUTHERN IDAHO LABORERS-EMPLOYERS TRAINING TRUST FUND; and OREGON LABORERS-EMPLOYERS ADMINISTRATIVE FUND, LLC, | Case No. _____ <br><br> COMPLAINT <br><br> Action for Fringe Benefits and Accounting <br><br> (29 USC § 1132 and §1145, and 29 USC § 185(a)) |

       Plaintiffs,

         v.

BASELINE INDUSTRIAL
CONSTRUCTION, INC., a foreign business
corporation, and MARK ALDRIDGE, an
individual,

       Defendants

Plaintiffs, for claim for relief, allege as follows:


### FIRST COUNT

1.

Jurisdiction is vested in this Court over this action by the provisions of the Employee

COMPLAINT - 1

Retirement Income Security Act of 1974 (ERISA) at 29 USC § 1132 and § 1145; and § 301(a) of the Labor Management Relations Act of 1947 (LMRA) at 29 USC § 185(a).

2.

That at all times herein mentioned, the Plaintiffs were and are collective express Trusts in writing, pursuant to 29 USC § 186, known as the Oregon Laborers-Employers Health & Welfare Trust Fund (Health & Welfare Trust), the Oregon Laborers-Employers Pension Trust Fund (Pension Trust), the Oregon & Southern Idaho Laborers-Employers Training Trust Fund (Training Trust Fund), and the Oregon Laborers-Employers Administrative Fund, LLC (Administrative Fund). Plaintiffs are known collectively as the Oregon Laborers-Employers Trust Funds, which Trusts administer contributions by employers for medical care, pension, hospital care, training, and related needs of employees. Plaintiffs' principal office is in Portland, Multnomah County, Oregon, and venue for all claims for relief or proceedings involving the Trust Funds is in Multnomah County, Oregon. The Oregon Laborers-Employers Administrative Fund, LLC is the collection fund designated to collect contributions and dues for the Trusts and union affiliates.

3.

That Defendant Baseline Industrial Construction, Inc. is a Washington business corporation authorized and registered to do business in the State of Oregon. That Defendant Mark Aldridge is an individual acting as the president, secretary, agent, and owner of the Defendant corporation Baseline Industrial Construction, Inc. and having sole control over the assets of such company and not paying Plaintiffs and writing checks to Plaintiffs on an account resulting in NSF checks.

4.

That during all of the times herein mentioned, Defendants were bound to make required contributions to the Trusts and did make certain payments thereto.

5.

That in the processing of the payments and as part of the Plaintiffs' duties herein, a review of remittance reports that Defendants submitted indicate that a substantial delinquency

COMPLAINT - 2

exists for non-payment of fringe benefit and other contributions to Plaintiffs.

6.

Demand has been made for payment of the delinquency and there is wholly due, owing, and unpaid to the Plaintiffs the amount of $15,986.66 in contributions comprising delinquent contributions for January 1, 2017 through December 31, 2018, plus additional contributions to date, plus June 2019 contributions of $3,708.53, plus liquidated damages and interest thereon.

7.

That in addition to the basic contributions required to be made, the applicable written Agreements between the parties and 29 USC § 1132 provide for liquidated damages, interest, and audit fees to be assessed for any delinquent contributions found to be due and owing. Defendants are indebted to Plaintiffs for liquidated damages in the amount of $1,545.63, interest in the amount of $1,879.80, and audit fees of $200.00, plus additional interest and liquidated damages for June 2019 contributions. These liquidated damages and interest amounts are due for late payments over the last year plus amounts for unpaid contributions to date. These amounts are calculated pursuant to the statute and Trust Agreements as twelve percent (12%) *per annum* interest and twelve percent (12%) *per annum* liquidated damages for each late payment.

8.

That the indicated Agreements and 29 USC § 1132 provide for a reasonable sum to be awarded Plaintiffs as attorney's fees for the prosecution of this action against Defendants. Plaintiffs request a reasonable sum be awarded to Plaintiffs as attorney's fees.

SECOND COUNT

9.

Plaintiffs reallege Paragraphs 1, 2, 3, 4, 7 and 8 of their First Count.

10.

That during all of the times herein mentioned, Defendants were bound to make required contributions to the Trusts and did make certain payments. That Defendants, on and from 2017 through the present date, had in their employ, employees for whom contributions to the Trust

Funds were to be made.

11.

Defendants have failed to make the contributions required by the Labor Agreement for their employees employed during the term of the Agreement. Defendants have failed to report to Plaintiffs the number of employees and the amount of required contributions. The amount of all additional contributions owed by Defendants to Plaintiffs is unknown to Plaintiffs and cannot be ascertained without a complete accounting, and further records of post-2018 employment reports. At all times Defendant Mark Aldridge has had control of records and decision making regarding which creditors to pay.

12.

Plaintiffs request that a further records accounting by Defendants be ordered for the period from post-2018 through the present date, for any and all contributions due from Defendants to Plaintiffs by virtue of the Labor Agreement. After a complete account has been made, Plaintiffs request a Decree be entered against Defendants for any amount due, with interest thereon, together with liquidated damages and reasonable attorney's fees as provided for in the Labor Agreement, Trust Agreement and appropriate law.

WHEREFORE, Plaintiffs pray as follows:

COUNT ONE

1. $15,062.87, plus additional contributions to date and $3,708.53 for June 2019 contributions;

2. Interest on the above sum from January 1, 2017 in the amount of $1,879.80 plus interest until paid, plus interest on June 2019 contributions;

3. Liquidated damages in the amount of $1,545.63 and an audit fee of $200.00 and additional interest on all late contributions paid and those remaining unpaid;

4. Interest and liquidated damages for each late payment received over the last year per the Trust Agreement and based on an accounting;

5. Reasonable attorney's fees;

6.      Plaintiffs' costs necessarily incurred.

COUNT TWO

1.      A Decree compelling Defendants to make a complete accounting to Plaintiffs of all contributions due from Defendants to Plaintiffs from January 1, 2017, to the present, and a list of all creditors paid by the Company while Plaintiffs have been unpaid;

2.      After a complete accounting has been made, entry of Judgment against Defendants for any amounts due to Plaintiffs for Trust contributions;

3.      For interest on any contributions from their due date, together with attorney's fees, liquidated damages, and Plaintiffs' costs and disbursements;

4.      For such other relief as may seem just and equitable in the premises.


                                        COLETT LAW GROUP, LLP

Dated: August 21, 2019                   s/ Charles D. Colett
                                        Charles D. Colett, OSB 791916
                                        Attorney for Plaintiffs


COMPLAINT - 5