# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **OREGON LABORERS-EMPLOYERS HEALTH & WELFARE TRUST FUND; OREGON LABORERS-EMPLOYERS PENSION TRUST FUND; OREGON & SOUTHERN IDAHO LABORERS-EMPLOYERS TRAINING TRUST FUND; and OREGON LABORER-EMPLOYERS ADMINISTRATIVE FUND, LLC**,<br><br>Plaintiffs,<br><br>v.<br><br>**BASELINE INDUSTRIAL CONSTRUCTION, INC., a foreign business corporation, and MARK ALDRIDGE, an individual**,<br><br>Defendants. | Case No. 3:19-cv-1343-IM<br><br>**OPINION AND ORDER** |

Charles D. Colett, Colett Law Group, LLP, 1 Lincoln Center, 10300 SW Greenburg Road, Suite 310, Portland, Oregon 97223-5489. Attorney for Plaintiffs.

**IMMERGUT, District Judge.**

On August 23, 2019, Plaintiffs filed this action to recover unpaid contributions to employee benefit plan trust funds from Defendants Baseline Industrial Construction, Inc., ("Defendant Baseline") and Mark Aldridge ("Defendant Aldridge"). ECF 1. The clerk entered

PAGE 1 – OPINION AND ORDER

Defendants' default under Rule 55(a) of the Federal Rules of Civil Procedure on September 26, 2019. ECF 8. Plaintiffs now move for default judgment under Rule 55(b), ECF 9; for an award of attorney's fees, ECF 13; and for taxing of costs, ECF 15. For the following reasons, Plaintiffs' motions are granted in part and denied in part.

## STANDARDS

Following the clerk's entry of default under Federal Rule of Civil Procedure 55(a), the general rule is that "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). The court, however, does not accept as admitted legal conclusions or facts that are not well-pleaded. *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).

After the clerk has entered a defendant's default, the court may enter a default judgment against that party. *See* Fed. R. Civ. P. 55(b)(2). The court's decision whether to enter a default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The Ninth Circuit has identified seven factors to guide a district court's consideration of whether to enter a default judgment:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The "starting point," however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

PAGE 2 – OPINION AND ORDER

**BACKGROUND**

Plaintiffs, known collectively as the Oregon Laborers-Employers Trust Funds, are Portland-based trusts established under section 302 of the Labor Management Relations Act ("LMRA"). ECF 1 at 2, ¶ 2 (citing 29 U.S.C. § 186). Defendants are Baseline Industrial Construction, Inc., a Washington corporation, and Mark Aldridge, its president, secretary, agent, and owner, with sole control of the company's assets. *Id.* at ¶ 3.

Plaintiffs filed suit under ERISA, 29 U.S.C. §§ 1132, 1145, and the LMRA, 29 U.S.C. § 185(a). *Id.* at 1–2, ¶ 1. From a review of Defendant's records, Plaintiffs learned that Defendants failed to make required payments to Plaintiffs for fringe benefits and other contributions. *Id.* at 2–3, ¶¶ 5–6. These shortfalls relate to amounts owed (1) from January 1, 2017 through December 31, 2018, plus additional contributions to date; and (2) in June 2019. *Id.* at 3, ¶ 6. Although Defendant Aldridge wrote two checks to Plaintiffs, both were returned for insufficient funds. *Id.* at 2, ¶ 3. The parties' labor agreement provides for interest, liquidated damages, audit fees, and attorney's fees to be awarded on top of these contributions. *Id.* at 3, ¶¶ 7–8 (also citing ERISA, 29 U.S.C. § 1132).

Plaintiffs served Defendants with the summons and complaint on August 27, 2019. ECF 4; ECF 5. After sending notice to Defendants that they intended to seek a default judgment, Plaintiffs moved for entry of default on September 23, 2019. ECF 6; Affidavit of Charles D. Colett ("Colett Aff. 1"), ECF 7. The clerk then entered Defendants' default under Rule 55(a) of the Federal Rules of Civil Procedure on September 26, 2019. ECF 8.

According to an affidavit submitted with their motion for default judgment, Plaintiffs seek as damages: $15,986.66 in contributions for the period from January 1, 2017 to December 31, 2018; $3,708.53 for June 2019 contributions; $1,545.63 in liquidated damages; $1,879.80 in interest; $200 for an audit fee; and an unspecified amount of liquidated damages and interest on

PAGE 3 – OPINION AND ORDER

the June 2019 contributions. Affidavit of Tina Held ("Held Aff."), ECF 10 at 2, ¶ 2. Plaintiffs' auditor, Tina Held, calculated these amounts following a review of Defendants' records and payment history. *Id.* at 2, ¶¶ 1–2. Attached to her affidavit are tables with which she calculated the amounts owed for the period from January 1, 2017 to December 31, 2018. *Id.* at 2–3, ¶ 3; Held Aff., Ex. 1, ECF 10-1. She also attached copies of two checks from Defendant Baseline, which were returned for insufficient funds. Held Aff., ECF 10 at 3, ¶ 4; Held Aff., Ex. 2, ECF 10-2. One of these checks, with an amount payable of $3,708.53, is dated July 17, 2019, with a memo of "June 2019 Hrs." *See* Held Aff., Ex. 2, ECF 10-2 at 2.

Plaintiffs' auditor calculated liquidated damages and interest at the annual rate of 12%. Held Aff., ECF 10 at 3, ¶ 5. The figure of 12% is set forth in section 4.04 of the Trust Agreement, to which Defendant Baseline agreed pursuant to a "Laborers Compliance Agreement" dated June 12, 1997. Affidavit of Charles D. Colett ("Colett Aff. 2"), Ex. 1, ECF 11-1 at 2; Colett Aff. 2, Ex. 2, ECF 11-2 at 3, § 4.04.

The Trust Agreement also provides for an award of attorney's fees and audit costs. Colett Aff. 2, Ex. 2, ECF 11-2 at 3–4, §§ 4.03, 4.06. Plaintiffs also seek $7,892.50 in their motion for attorney's fees, ECF 13, ECF 14, and $470 in their bill of costs, ECF 15. In support of Plaintiffs' motion for attorney's fees, Plaintiffs' counsel submitted billing records detailing the time spent on this matter. Affidavit of Charles D. Colett ("Colett Aff. 3"), Ex. 1, ECF 14-1. He also submitted a notarized statement in support of his bill of costs. ECF 15.

## DISCUSSION

This Court proceeds by analyzing whether entry of default judgment is warranted against each defendant before turning to the questions of damages, attorney's fees, and costs.

A. **Entry of Default Judgment**

Plaintiffs have moved for entry of default judgment against Defendant Baseline and Defendant Aldridge. ECF 9. This Court considers each defendant separately in the sections that follow.

   1. **Defendant Baseline**

This Court finds that the *Eitel* factors weigh in favor of entering a default judgment against Defendant Baseline. First, because a default judgment is Plaintiffs' only avenue of recovery, they will be prejudiced without one. *See PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). On the second and third factors, the allegations in the complaint are sufficient and demonstrate the merits of Plaintiffs' substantive claim against Defendant Baseline. On the fourth and fifth factors, this Court finds that the amount at stake—except for attorney's fees—is cabined by the terms of the underlying agreements, limiting the possibility of a dispute concerning material facts. *Cf. Combs v. Coal & Mineral Mgmt. Svcs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984) (observing that were it not for attorney's fees, Rule 55(b)(1) would require the clerk to enter default judgment in an ERISA case as a purely ministerial act). On the sixth factor, this Court finds it unlikely that default was due to excusable neglect. After serving Defendants with the summons and complaint, Plaintiffs sent them notice of Plaintiffs' intent to seek a default judgment. Colett Aff. 1, ECF 7. Finally, the seventh factor does not preclude default judgment here. "Since Defendants have refused to defend the action brought against them, the Court is unable to adjudicate the case on the merits." *Bd. of Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. GS Air Conditioning, Inc.*, No. CV1002194GAFFMOX, 2010 WL 11597949, at *7 (C.D. Cal. Oct. 28, 2010). This Court therefore grants Plaintiffs' request to enter default judgment against Defendant Baseline.

### 2. Defendant Aldridge

However, the *Eitel* factors do not support entering default judgment against Defendant Aldridge. Most importantly, the complaint does not demonstrate the merits of a claim for unpaid obligations against Defendant Aldridge. There are no allegations that would entitle Plaintiffs to pierce the corporate veil of Defendant Baseline and impose personal liability upon Defendant Aldridge. *See UA Local 343 United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada, AFL-CIO v. Nor-Cal Plumbing, Inc.*, 48 F.3d 1465, 1475 (9th Cir. 1994) (setting forth three-factor test to pierce corporate veil). There are also no allegations that Defendant Baseline was the alter ego or mere instrumentality of Defendant Aldridge, nor that Defendant Aldridge breached a fiduciary duty under ERISA. *See Pamcah-UA Local 675 Pension Fund v. Hualalai Mech. LLC*, Civil No. 16-00455 ACK-RLP, 2016 WL 8255576, at *1–4 (D. Haw. Dec. 21, 2016); *see also UA Local 343*, 48 F.3d at 1475–76 (explaining difference between veil-piercing and alter ego doctrines). Accordingly, this Court declines to enter default judgment against Defendant Aldridge.

### B. Damages

As the Court does not accept allegations of damages as true, Plaintiffs must prove damages on a motion for default judgment. *See* Fed. R. Civ. P. 55(b)(2). Plaintiffs submitted an affidavit from Plaintiffs' auditor with attached worksheets summarizing the amounts due for the period from January 1, 2017 to December 31, 2018. Held Aff., ECF 10. Plaintiffs' auditor also submitted a copy of the returned check in the amount of $3,708.53 with a memo of "June 2019 Hrs." Held Aff., Ex. 2, ECF 10-2 at 2. Finally, Plaintiffs submitted an affidavit from Plaintiffs' counsel, which documents the entitlement to interest, liquidated damages, and an audit fee under the Trust Agreement, to which Defendant Baseline agreed pursuant to the "Laborers Compliance

Agreement." Colett Aff. 2, Ex. 1, ECF 11-1 at 2; Colett Aff. 2, Ex. 2, ECF 11-2 at 3–4, §§ 4.03, 4.04, 4.06.

This Court finds that these submissions adequately establish damages, first, in the amount of $15,986.66. This sum includes contributions for the period of January 1, 2017 through December 31, 2018, liquidated damages, interest, and an audit fee. The amount of $15,986.66 is adequately documented in the tables submitted by Plaintiffs' auditor. *See* Held Aff., Ex. 1, ECF 10-1 at 3. Although Plaintiffs appear to request additional liquidated damages in the amount of $1,545.63 and interest in the amount of $1,879.80, *see, e.g.*, ECF 12 at 2, the calculations by Plaintiffs' auditor already include these figures in the total sum of $15,986.66, *see* Held Aff., Ex. 1, ECF 10-1 at 3. Plaintiffs have not explained why they would be entitled to additional liquidated damages and interest in these same amounts.

Plaintiffs are also awarded $3,708.53 for June 2019 contributions. Although tables and calculations documenting this figure would have been appreciated, this Court finds that the returned check is adequate evidence of this amount. *See* Held Aff., Ex. 2, ECF 10-2 at 2. However, the Court declines to award liquidated damages and interest on this figure as Plaintiffs have not submitted a calculation of the amount requested.

## C.  Attorney's Fees and Costs

An award of attorney's fees is mandatory under ERISA.[1] *Operating Eng'rs Pension Tr. v. Reed*, 726 F.2d 513, 514 (9th Cir. 1984). This award may include compensation for work performed by non-attorneys. *Trs. of Const. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1256–57 (9th Cir. 2006). The court, however, reviews the requested fee

---

[1] The Trust Agreement also provides for an award of attorney's fees. Colett Aff. 2, Ex. 2, ECF 11-2 at 3, § 4.03.

award for reasonableness. *See Operating Eng'rs*, 726 F.2d at 514. This standard applies even when defendant has not objected to the number of hours billed or the hourly rate applied. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1993). The preferred method is calculation of the lodestar figure, the product of the number of hours reasonably spent on the litigation and a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party seeking an award of attorney's fees "has the burden of submitting billing records to establish that the number of hours it has requested [is] reasonable." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). Similarly, the fee applicant has the burden of proving that the requested hourly rate is reasonable. *See Camacho v. Bridgeport Fin. Inc.*, 523 F.3d 973, 980 (9th Cir. 2008).

Plaintiffs request attorney's fees for 27.25 hours of Attorney Charles D. Colett's time and for 12 hours of a legal assistant's time. Colett Aff. 3, ECF 14 at 2, ¶ 4. In support of this request, Attorney Colett submitted billing records detailing the time spent on individual tasks. *See* Colett Aff. 3, Ex. 1, ECF 14-1. Although several of these tasks were prior to filing the complaint, the Ninth Circuit has explained that attorney's fee awards under ERISA may encompass pre-litigation activities directed toward filing the lawsuit. *See Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 987–88 (9th Cir. 2001). This Court has reviewed the billing invoice and finds that the requested hours are reasonable.

Plaintiffs request hourly rates of $250 for Attorney Colett and $90 for a legal assistant. *See* Colett Aff. 3, ECF 14 at 2, ¶ 4. In determining reasonable hourly rates, typically "[a]ffidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge*

*Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The Court finds the hourly rate of $250 to be reasonable for Attorney Colett considering his forty years of experience. *See* Colett Aff. 3, ECF 14 at 2, ¶ 4; *see also* Oregon State Bar 2017 Economic Survey, at 38 (calculating a mean hourly billing rate of $324 for attorneys in the Portland area). The Court also finds that the hourly rate of $90 for a legal assistant does not exceed the rates approved in other cases in this district. *See, e.g.*, *J & J Sports Prods., Inc. v. Gonzalez*, No. 1:17-CV-00678-CL, 2018 WL 1515097, at *3 (D. Or. Feb. 14, 2018), report and recommendation adopted, No. 1:17-CV-00678-CL, 2018 WL 1512998 (D. Or. Mar. 27, 2018) (finding an hourly rate of $150 to be reasonable for a paralegal in the Portland area). The Court therefore awards $7,892.50 in attorney's fees.

Finally, based on the separate notarized statement from Plaintiffs' counsel, this Court finds that it is reasonable to award the $400 filing fee and $70 fee of serving Defendants as costs. *See* ECF 15.

## CONCLUSION

Plaintiffs' motion for default judgment, ECF 9, is GRANTED as to Defendant Baseline Industrial Construction, Inc., and DENIED as to Defendant Mark Aldridge. Plaintiffs' motion for attorney's fees, ECF 13, is GRANTED. Plaintiffs' bill of costs, ECF 15, is GRANTED.

**IT IS SO ORDERED**.

DATED this 26th day of November, 2019.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge